Form 3015-1 - Chapter 13 Plan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**CHAPTER 13 PLAN**

In re:
**Jerald LeRoy Huisenga**
**Linda Kay Huisenga**

Dated: **July 8, 2016**

DEBTOR    Case No.

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **420.00** per **Month** for **60** months, beginning within 30 days after the order for relief for a total of $ **25,200.00** . The minimum plan payment length is **X** 36 or __ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ **25,200.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,520.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | a. Ally Financial | $ 50.00 | 8 | $ 400.00 |
   | b. TOTAL | | | $ 400.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|
   | -NONE- | $ | $ | | | $ |
   | a. TOTAL | | | | | $ 0.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ] —** The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

   | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | -NONE- | $ | | $ | | | $ |
   | a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | Ally Financial | $15,788.00 | $15,788.00 | 5 | 9 | $345.62 | 51 | $17,626.62 | $400.00 | $18,026.62 |
| b. | TOTAL | | | | | | | | | $18,026.62 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | $3,000.00 | $375.00 | 1 | 8 | $3,000.00 |
| b. | IRS | $1.00 | $1.00 | 56 | 1 | $1.00 |
| c. | MN Department Of Revenue | $1.00 | $1.00 | 56 | 1 | $1.00 |
| d. | TOTAL | | | | | $3,002.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   **-NONE-**
    The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | $ |
| a. | TOTAL | | | | | | $0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **1,651.38**   [line 1(d) minus lines 2, 6(a), 7(a), 8(a), 9(d) and 10(a)].

    a.  The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.

    b.  The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **34,816.66**.

    c.  Total estimated unsecured claims are $ **34,816.66**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under  ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —
    **Special Intentions:**
    **United Consumer Finl S: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed. (vacuum and two air filters)**

    **The debtor(s) shall provide copies of their federal and state income tax returns to the trustee annually and shall pay the net amount of their combined income tax refunds in excess of ($2,000 joint, $1,200 individual), less any earned income credit, as additional plan payments.**

    **Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by the Internal Revenue Service for taxes that become payable while the case is pending.  The trustee shall only pay 11 U.S C. Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.**

    **In the event of the surrender, foreclosure, repossession, or return of any collateral to any secured creditor listed in paragraphs 4, 5, 6, 7, 8, or 13 for any reason, the trustee shall pay any deficiency as a general unsecured claim upon amendment of the applicable claim.  Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.**

    **The debtor(s) shall not oppose any creditor claiming a purchase money security interest in and to household furnishings, from availing itself of its legal remedies under the Bankruptcy Code, namely, the submission of an**

application for relief from stay under 11 U.S.C. Sec. 362. Upon appropriate court order regarding relief from the automatic stay provisions of 11 U.S.C. Sec. 362, the debtor shall not oppose a creditor from availing itself of any applicable state law remedies it believes are available for purposes of reclaiming the household furnishings. Upon appropriate order from the Wadena County Court, the debtor(s) shall surrender the household furnishings to a creditor in compliance with such Wadena County Court Order, if any.

This is a § 1306 plan.  Any pre- and post-petition property of the debtor will remain property of the bankruptcy estate until conversion, dismissal or completion of the plan payments.  This includes any post-petition earnings of the debtor.

This plan is intended to pay claims for years which ended before the petition filed under 11 U.S.C. § 502(i).

14. **SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 2,520.00 |
| Home Mortgage Defaults [Line 6(a)] | $ 0.00 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(b)] | $ 18,026.62 |
| Priority Claims [Line 9(d)] | $ 3,002.00 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 1,651.38 |
| **TOTAL [must equal Line 1(d)]** | $ 25,200.00 |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**Robert Thyen**
**Heller & Thyen, P.A.**
**606 25th Avenue South, Suite 110**
**St. Cloud, MN 56301**
**320-654-8000**
**032288X**

Signed   **/s/ Jerald LeRoy Huisenga**
**Jerald LeRoy Huisenga**
DEBTOR

Signed   **/s/ Linda Kay Huisenga**
**Linda Kay Huisenga**
DEBTOR (if joint case)